UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YOK
--------------------------------------------------------------X

ATLANTIC FOREST PRODUCTS, LLC.

Plaintiff,

-against-

J&J DINASO BUILDING SUPPLY CO., INC.
d/b/a JDJ BUILDING SUPPLY COMPANY a/k/a
JDJ DINASO BUILDING SUPPLY COMPANY,

Defendants.

--------------------------------------------------------------X

Case No.:

**COMPLAINT**

**JURY DEMAND
REQUESTED**

Plaintiff, Atlantic Forest Products, LLC ("AFP" or "Plaintiff") by its attorneys Milman Labuda Law Group PLLC, submits the following as and for its Verified Complaint against Defendant J&J Dinaso Building Supply Co., Inc. d/b/a JDJ Building Supply Company a/k/a JDJ Dinaso Building Supply Company ("JDJ" or "Defendant").

## PRELIMINARY STATEMENT

1. JDJ had had a relationship with AFP for approximately a decade. This is a simple case concerning the sales of goods, specifically lumber products.

2. Those products were delivered to JDJ, upon request at agreed-upon prices, totaling nearly $85,000, and those products were accepted by JDJ.

3. Nevertheless, JDJ has wrongfully refused to pay AFP, requiring AFP to come to this Court to enforce its rights.

## PARTIES

4. Plaintiff AFP is a Maryland limited liability company with a principal place of business in Baltimore, Maryland, having two members as follows:

    a. John A. Chisholm, who is domiciled in and a citizen of Maryland.

    b. Robert Hettinger, who is domiciled in and a citizen of Maryland.

1

5.      Upon information and belief, Defendant J&J Dinaso Building Supply Co., Inc. d/b/a JDJ Building Supply Company a/k/a JDJ Dinaso Building Supply Company is a New York Corporation with a business address of 126 Industrial Loop, Staten Island, New York 10309.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action under diversity principles pursuant to 28 U.S.C.§1332 and other appropriate rules, regulations, statutes, and ordinances.

7.      The amount in controversy exceeds $75,000.00.

8.      Venue is proper in this district pursuant to 28 U.S.C. §1391 (a) and (c) as JDJ maintains a principal place of business in this district.

## FACTUAL BACKGROUND

9.      AFP is in the business of selling and distributing building materials, lumber, and supplies and holds itself out as having knowledge and skill peculiar to the practices and goods involved in transactions for the sale of building materials, lumber, and supplies.

10.     AFP is a merchant as defined in NYS UCC §2-104(1).

11.     Upon information and belief, JDJ is a commercial and residential construction materials supplier specializing in drywall supplies, lumber, timber, and roofing materials serving various quantity orders and holds itself out as having knowledge and skill peculiar to the practices and goods involved in transactions for the purchase and sale of building materials, lumber, and supplies.

12.     JDJ is a merchant as defined in NYS UCC §2-104(1).

13.     At the time of this complaint, JDJ has an outstanding principal balance of $84,822.41 on unpaid invoices.

14.     AFP has had a business relationship with JDJ for over a decade and has given them numerous opportunities to pay the outstanding amounts owed to AFP.

15.     JDJ has engaged AFP to provide wholesale building materials (hereinafter, "goods and supplies").

16.     Based on the parties' practice, AFP would email its invoices to Anthony@jdjbsc.com and suzanne@jdjbsc.com at JDJ on or about the same date that the invoice is dated.

17.     The invoices specified the goods and supplies JDJ purchased, the cost of the goods and supplies, and directed JDJ to provide payment within forty-five (45) days of its receipt of the invoice.

18.     From on or about August 28, 2023, JDJ provided payments of prior invoices by check to AFP and requested the release of orders made on August 24 and 25, 2023.

19.     Accordingly, on August 28, 2023, JDJ agreed to purchase, and AFP agreed to release, one load of 13440 BF (board feet) of 2x12 Dry Douglas Fir with the following unit: 4/84 20', at the agreed-upon price of $14,232.96.

20.     Also on August 28, 2023, AFP provided an invoice numbered 0050056930-001 for $14,232.96 for the goods and supplies JDJ had purchased from AFP with payment being due on or before October 12, 2023.

21.     On August 29, 2023, JDJ agreed to purchase, and AFP agreed to release, one load of 25900 BF of 2x10 Dry Douglas Fir, with the following units: 2/105 12', 4/105 14', 2/105 16' and 2/105 18', at the agreed-upon price of $24,838.10.

22.     On August 29, 2023, AFP provided an invoice numbered 0050056901-001 for $24,838.10 for goods and supplies JDJ had purchased from AFP with payment being due on or before October 13, 2023.

23.     On August 31, 2023, JDJ agreed to purchase, and AFP agreed to release, one load of 228224 BF of 2x4-96" Dry Douglas Fir, with the following unit: 18/294 08', at the agreed-upon price of $19,164.10.

24.     On August 31, 2023, AFP provided an invoice numbered 0050056902-001 for $19,164.10 for goods and supplies JDJ had purchased from AFP with payment being due on or before October 15, 2023.

25.     On or about November 20, 2024, JDJ ordered 25872 BF of 2x12 Dry Douglas Fir with the following units: 2/84 12', 2/84 14', 4/84 16'. 1/84 18', 1/84 20', at the agreed-upon price of $33,607.73, and AFP agreed to supply the same.

26.     On or about November 20, 2024, AFP provided an invoice numbered 0050064267-001 for $33,607.73 for goods and supplies JDJ had purchased from AFP with payment being due on or before January 16, 2025.

27.     After the invoice sent on or about November 20, 2024 was provided, AFP sent additional invoices in December 2024, requesting payment.

28.     On or about January 16, 2025, AFP received a partial payment from JDJ in the amount of $2,520.48 which was applied to invoice number 0050056901-001.

29.     On or about January 31, 2025, AFP received a partial payment from JDJ in the amount of $500.00 which was applied to invoice number 0050056930-001.

30.     On or about February 4, 2025, AFP received a partial payment from JDJ in the amount of $1,000.00 which was applied to invoice number 0050056930-001.

31.    On or about February 14, 2025, AFP received a partial payment from JDJ in the amount of $1,000.00 which was applied to invoice number 0050056930-001.

32.    On or about March 21, 2025, AFP received a partial payment from JDJ in the amount of $1,000.00 which was applied to invoice number 0050056930-001.

33.    On or about April 22, 2025, AFP received a partial payment from JDJ in the amount of $1,000.00 which was applied to invoice number 0050056930-001.

34.    The April 22, 2025 payment was the last payment received from JDJ.

35.    AFP never received any payment for invoice number 0050056902-001.

36.    At present, JDJ owes the entire principal sum of $19,164.10 for the goods and supplies it purchased from AFP plus interest.

37.    AFP never received any payment for invoice number 0050064267-001.

38.    At present, JDJ owes the entire principal sum of $33,607.73 for the goods and supplies it purchased from AFP plus interest.

39.    Thus, for the outstanding invoices (Nos. 0050056930-001, 0050056901-001, 0050056902-001, and 0050064267-001, collectively, the "Invoices," Ex. A hereto), JDJ still owes AFP an outstanding principal balance of $84,822.41 plus interest.

40.    From January 16, 2025 on, AFP made numerous attempts to resolve the outstanding receivables due with JDJ.

41.    Not receiving any response, on May 6, 2025, AFP, through the undersigned law firm, sent a letter to JDJ along with Invoices seeking payment on the outstanding amount of $84,822.41 plus interest.

42.    AFP never received payment in response to that letter.

## COUNT I- BREACH OF CONTRACT

43.    Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

44.    The parties entered into an agreement for the sale of goods and supplies.

45.    Plaintiff has fully performed its contractual obligations.

46.    Pursuant to the agreement, Plaintiff sold and delivered to Defendant the goods and supplies described above.

47.    Defendant received and accepted said goods and supplies.

48.    Defendant agreed to pay for the goods and supplies at the agreed-upon prices as set forth in the Invoices.

49.    Defendant made partial payment for the aforementioned goods and supplies but failed and refused to pay the balance due.

50.    The unpaid principal balance due with respect to the Invoices is $84,822.41.

51.    Accordingly, Plaintiff demands Judgment against Defendant in the amount to be determined at trial but believed to exceed $84,822.41 plus interest.

## COUNT II- ACCOUNT STATED

52.    Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

53.    Accounts were duly taken and stated between Plaintiff and Defendant which indicated an outstanding balance due and owing to Plaintiff in the amount of $84,822.41.

54.    Defendant received each and every invoice for the goods it purchased on consignment from Plaintiff, failed to respond or to refute the aforesaid account stated, and retained the same without objection.

55.    No part of the $84,822.41 has been paid, although payment thereof has been repeatedly and duly demanded by Plaintiff.

56.    At no time has said Defendant objected to any specific item on the invoices that were rendered in connection with plaintiff's building materials.

57.    By reason of the foregoing, Defendant is obligated to pay Plaintiff the principal sum of $84,822.41 plus interest.

## COUNT III- UNJUST ENRICHMENT

58.    Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

59.    Alternatively, in the event it were found that a contract was not formed, AFP avers that it provided goods and supplies to Defendant, and Defendant retained the benefit of such goods and supplies without paying Atlantic Forest for same.

60.    Defendant knew that AFP expected to be paid for its goods and supplies.

61.    It would be inequitable for Defendant to retain the benefit of AFP's goods and supplies without adequately compensating AFP for same.

62.    Accordingly, AFP demands judgment against the Defendant, in the amount to be determined at trial, but believed to exceed $84,822.41 plus interest.

**WHEREFORE,** Plaintiff ATLANTIC FOREST PRODUCTS, LLC, demands that this action be tried before a Jury and that Judgment be entered into their favor.

A. On the First Count of Action against J&J DINASO BUILDING SUPPLY CO., INC. D/B/A JDJ BUILDING SUPPLY COMPANY A/K/A JDJ DINASO BUILDING SUPPLY COMPANY, for compensatory damages in an amount not less than $84,822.41 plus interest, costs, and such other relief that the Court deems just and proper; and

B. On the Second Cause of Action against J&J DINASO BUILDING SUPPLY CO., INC. D/B/A JDJ BUILDING SUPPLY COMPANY A/K/A JDJ DINASO BUILDING SUPPLY COMPANY, for compensatory damages in an amount to be determined at trial but believed to be in excess of $84,822.41 plus interest, costs, and such other relief the Court deems just and proper.

C. On the Third Cause of Action against J&J DINASO BUILDING SUPPLY CO., INC. D/B/A JDJ BUILDING SUPPLY COMPANY A/K/A JDJ DINASO BUILDING SUPPLY COMPANY, for compensatory damages in an amount to be determined at trial but believed to be in excess of $84,822.41 plus interest, costs and such other relief the Court deems just and proper.

Dated: August  5, 2025

**MILMAN LABUDA LAW GROUP PLLC**
*Attorneys for the Plaintiff*
*ATLANTIC FOREST PRODUCTS, LLC*


By: /s/ *Michael C. Mulè*
    Michael C. Mulè, Esq.
    3000 Marcus Ave. Ste. 3W8
    Lake Success, NY 11042
    (516) 328-8899