UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ATLANTIC FOREST PRODUCTS, LLC,<br><br>Plaintiff,<br><br>-against-<br><br>J & J DINASO BUILDING SUPPLY CO., INC. *d/b/a* JDJ BUILDING SUPPLY COMPANY *a/k/a* JDJ DINASO BUILDING SUPPLY COMPANY,<br><br>Defendant. | : | <u>REPORT AND RECOMMENDATION</u><br><br>25-CV-4590 (RPK)(MMH) |

**MARCIA M. HENRY**, United States Magistrate Judge:

In this diversity action, Plaintiff Atlantic Forest Products, LLC ("AFP") sued Defendant J & J Dinaso Building Supply Co., Inc. ("JDJ"), alleging common law breach of contract and related claims after JDJ failed to pay overdue invoices for purchased lumber. (*See generally* Compl., ECF No. 1.)[1] Before the Court is AFP's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2. (*See generally* Pl.'s Mot., ECF No. 12.) The Honorable Rachel P. Kovner referred the motion for report and recommendation. For the reasons set forth below, the Court respectfully recommends that the motion should be **granted in part and denied in part**.

## I. <u>BACKGROUND</u>

The following facts are taken from the Complaint and documents attached to and incorporated by reference into the Complaint, and are assumed to be true for the purpose of

[1] All citations to documents filed on ECF are to the ECF document number and pagination unless otherwise noted.

establishing liability. *Bricklayers & Allied Craftworkers Loc. 2 Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187–90 (2d Cir. 2015).

AFP is a Maryland limited liability company with two members, John A. Chisholm and Robert Hettinger, both of whom are domiciled in Maryland. (Compl., ECF No. 1 ¶ 4.) AFP sells and distributes building materials, lumber, and supplies. (*Id.* ¶ 9.) JDJ, a New York corporation with a business address in Staten Island, New York, is a commercial and residential construction materials supplier specializing in drywall supplies, lumber, timber, and roofing materials. (*Id.* ¶¶ 5, 11.) Both parties are merchants as defined in New York Uniform Commercial Code § 2-104(1). (*Id.* ¶¶ 10, 12.) Before August 2023, AFP and JDJ had a working relationship for nearly a decade, during which JDJ regularly purchased wholesale building materials from AFP. (*Id.* ¶¶ 14–15.) Generally, when AFP sold such materials to JDJ, it emailed invoices to JDJ specifying the goods and supplies purchased, the cost of the goods and supplies, and the deadline for payment (usually within 45 days of receipt). (*Id.* ¶¶ 16–17.)

Between August 28, 2023 and November 20, 2024, JDJ ordered lumber from AFP four times, totaling $91,842.89; for each order, AFP released the purchased lumber to JDJ and issued an invoice on or after the order date requesting payment. (*Id.* ¶¶ 18–26; *see also id.* Ex. A ("Invoices"), ECF No. 1-3.) When JDJ did not pay the outstanding invoices for these purchases, AFP sent additional invoices in December 2024 seeking payment. (*Id.* ¶ 27.) Starting in January 2025, JDJ made several partial payments on the unpaid invoices totaling $7,020.48, which AFP applied to the outstanding balance for JDJ's August 28, 2023 and August 29, 2024 lumber purchases. (*See id.* ¶¶ 28–33.) AFP attempted to unsuccessfully resolve the outstanding receivables with JDJ during this period. (*Id.* ¶ 40.) However, JDJ's

last payment was on April 22, 2025, and did not cover the entire balance due for the four invoices. (*See id.* ¶¶ 34, 36.) On May 6, 2025, AFP's attorney sent a letter to JDJ attaching the still-unpaid invoices and requesting a principal balance due of $84,822.41 plus interest. (*Id.* ¶ 41.) JDJ still has not paid the invoices. (*Id.* ¶ 42.)

AFP initiated this action on August 19, 2025, alleging breach of contract, account stated, and unjust enrichment claims, and served process on September 10, 2025. (*See generally* Compl., ECF No. 1; Aff. of Service, ECF No. 7.) On October 22, 2025, the Clerk of Court denied AFP's request for a certificate of default because AFP did not submit proof that the documents were personally served on or mailed to JDJ. (*See* ECF No. 8; *see also* Oct. 22, 2025 Order.) Two days later, AFP renewed its request for a certificate of default and the Clerk of Court entered default on October 31, 2025. (ECF Nos. 9–10.)

On December 4, 2025, AFP filed its motion for default judgment against JDJ, which Judge Kovner referred for report and recommendation. (ECF Nos. 12–15; Feb. 3, 2026 Order Referring Mot.) The Court issued a scheduling order for a motion hearing on May 27, 2026, and mailed a copy of the order to JDJ. (ECF No. 16.)[2] At the motion hearing on June 18, 2026, AFP's counsel appeared but a representative for JDJ did not. (June 18, 2026 Min. Entry & Order; June 18, 2026 Transcript ("Tr."), ECF No. 19.) The Court requested supplemental materials, which AFP submitted on June 26, 2026. (ECF No. 18.)[3] To date, JDJ has not appeared in this case or responded to AFP's motion.

---

[2] The Court mailed the Order to several addresses associated with JDJ after AFP reported that its mailing to JDJ's address listed on the invoices and JDJ's website was returned as undeliverable. (*See* Mulè Decl., ECF No. 14 ¶ 8.)

[3] The supplemental materials include a proposed default judgment order and a letter to address whether a pending court-supervised liquidation procedure involving JDJ affects the pending

## II. DISCUSSION

### A. Legal Standards

Rule 55 of the Federal Rules of Civil Procedure dictates a two-step process for a party to obtain a default judgment. *See* Fed. R. Civ. P. 55(a)–(b); *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *Nam v. Ichiba Inc.*, No. 19-CV-1222 (KAM), 2021 WL 878743, at *2 (E.D.N.Y. Mar. 9, 2021). *First*, when a party uses an affidavit or other proof to show that a party has "failed to plead or otherwise defend" against an action, the clerk shall enter a default. Fed. R. Civ. P. 55(a). If a claim is for "a sum certain or a sum that can be made certain by computation," the clerk can enter judgment. Fed. R. Civ. P. 55(b)(1). *Second*, and "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2); *Victoriano Gonzales v. Victoria G's Pizzeria LLC*, No. 19-CV-6996 (DLI)(RER), 2021 WL 6065744, at *5 (E.D.N.Y. Dec. 22, 2021). To "enter or effectuate judgment" the Court is empowered to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

The decision to grant or deny a default motion is "left to the sound discretion of a district court." *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) (cleaned up). The Court must draw all reasonable inferences in favor of the movant. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). However, "[a] default . . . only establishes a defendant's liability if those allegations are sufficient to state a cause of action

---

default judgment here. (*See* ECF No. 18 at 1 (describing *In re the General Assignment for the Benefit of Creditors of J&J Dinaso Building Supply, Inc.*, No. 85055/2026 (N.Y. Sup. Ct. Richmond Cnty. 2026) and citing N.Y. Debt. & Cred. Law art. 2).) AFP correctly concludes that the state court proceeding has no effect on JDJ's default in this action.

against the defendant." *Double Green Produce, Inc. v. F. Supermarket Inc.*, 387 F. Supp. 3d 260, 265 (E.D.N.Y. 2019) (quoting *Taizhou Zhongneng Imp. & Exp. Co., Ltd. v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013)).

**B. Jurisdiction & Venue**

As a threshold matter, the Complaint adequately alleges jurisdiction and venue.

First, AFP appropriately establishes this Court's subject matter jurisdiction over its common law claims. *See Mt. Hawley Ins. Co. v. Pioneer Creek B LLC*, No. 20-CV-150 (ALC), 2021 WL 4427016, at *3 (S.D.N.Y. Sep. 27, 2021) ("Before granting a motion for default judgment, a court must first determine whether it has subject matter jurisdiction over the action.") (citing *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 125–27 (2d Cir. 2011)). AFP alleges the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332, which grants district courts original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). AFP alleges that it is a limited liability company whose individual members are domiciled in Maryland (Compl., ECF No. 1 ¶ 4), and therefore AFP is a citizen of Maryland. *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019) (stating that an LLC "takes the citizenship of all of its members") (citing *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012)); *see Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020) ("Generally, '[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile[.]'") (quoting *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019)). AFP further alleges that JDJ is a New York corporation with its principal place of business in New York (Compl., ECF No. 1

¶ 5), and thus a citizen of New York. 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business); *see Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Finally, AFP alleges that the disputed unpaid balance for JDJ's lumber orders is $84,822.21 plus interest, which exceeds the statutory threshold. (*Id.* ¶ 39.) Accordingly, the Court has subject matter jurisdiction over this case.

Next, AFP establishes the Court's personal jurisdiction over JDJ. *See Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) ("[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant.") The three requirements for personal jurisdiction are: (1) the plaintiff's service of process upon the defendant must have been procedurally proper; (2) there must be a statutory basis for personal jurisdiction that renders such service of process effective; and (3) the exercise of personal jurisdiction must comport with constitutional due process principles. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59-60 (2d Cir. 2012)). AFP establishes each requirement. *First*, AFP properly served JDJ by delivering copies of the summons and Complaint to the New York Secretary of State (Aff. of Service, ECF No. 7), which complies with federal and state procedural rules for service on a corporation. Fed. R. Civ. P. 4(h)(1)(A), (e)(1); N.Y. C.P.L.R. § 311(a)(1); N.Y. Bus. Corp. Law § 306(b)(1). *Second*, JDJ is a New York corporation "'doing business' in New York" and the Court thus has general jurisdiction over it. *Francis v. Ideal Masonry, Inc.*, No. 16-CV-2839 (NGG)(PK), 2018 WL 4292171, at *3 (E.D.N.Y. Aug. 3, 2018) (citing *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) and N.Y. C.P.L.R. § 301), *adopted by* 2018 WL 4288625 (E.D.N.Y. Sep. 7, 2018). *Third*, by virtue of its transactions from and deliveries to its location

in Staten Island, New York, JDJ "has sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction" and "it is reasonable to exercise personal jurisdiction under the circumstances of the particular case." *Licci*, 673 F.3d at 60 (citation omitted)

Finally, venue is appropriate in the Eastern District of New York because, as noted, JDJ's headquarters are in Staten Island, New York. 28 U.S.C. § 1391(b)(1) (permitting a civil action to proceed in a judicial district in which, *inter alia*, "any defendant resides, if all defendants are residents of the State in which the district is located[.]").

### C. Default Judgment Factors

"Courts use the same three-factor test used to set aside a default judgment to determine whether to grant a default judgment." *Bocon v. 419 Manhattan Ave. LLC*, No. 23-CV-3502 (PKC)(MMH), 2025 WL 832730, at *5 (E.D.N.Y. Mar. 18, 2025) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)), *R. & R. adopted by* Order Adopting R. & R., *Bocon v. 419 Manhattan Ave. LLC*, No. 23-CV-3502 (PKC)(MMH) (E.D.N.Y. Mar. 31, 2025), *as amended by* Am. Order Adopting R. & R., *Bocon v. 419 Manhattan Ave. LLC*, No. 23-CV-3502 (PKC)(MMH) (E.D.N.Y. Apr. 9, 2025). Specifically, courts examine: "(1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to the plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Courchevel 1850 LLC v. Rodriguez*, No. 17-CV-6311 (MKB), 2019 WL 2233828, at *3 (E.D.N.Y. May 22, 2019) (citing *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 170–71 (2d Cir. 2001)).

Here, all three factors weigh in AFP's favor. *First*, JDJ's "non-appearance and failure to respond to the Complaint or otherwise appear indicate willful conduct." *See Tambriz v. Taste & Sabor, LLC*, 577 F. Supp. 3d 314, 321 (E.D.N.Y. 2021). *Second*, without an answer

to the Complaint, "the Court cannot determine whether a defendant has a meritorious defense and granting a default judgment is favored under those circumstances." *Avedana v. Casa Ofelia's Bakery LLC*, No. 20-CV-2214 (DG)(AKT), 2021 WL 4255361, at *4 (E.D.N.Y. Aug. 19, 2021), *R. & R. adopted by* 2021 WL 4248857 (E.D.N.Y. Sep. 17, 2021). *Third*, AFP will be prejudiced if the motion for default judgment is denied because "there are no additional steps available to secure relief in this Court." *Vazquez Romero v. La Morenita Fruit Mkt. Corp*, No. 23-CV-6300 (OEM)(MMH), 2026 WL 687228, at *6 (E.D.N.Y. Mar. 11, 2026), *R. & R. adopted by* Order Adopting R. & R., *Vazquez Romero v. La Morenita Fruit Mkt. Corp*, No. 23-CV-6300 (OEM)(MMH) (E.D.N.Y. Mar. 31, 2026) (citation omitted). Based on the foregoing, entry of default is permissible.

### D. Liability[4]

The Complaint alleges three common law claims: breach of contract (Count I), account stated (Count II), and unjust enrichment (Count III). (*See* Compl., ECF No. ¶¶ 43–62.)

#### 1. Breach of Contract

"To state a claim for breach of contract under New York law, 'the complaint must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages.'" *Orlander v. Staples, Inc.*, 802 F.3d 289, 294 (2d Cir. 2015) (quoting *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011)); *AT&T Corp. v. Atos IT Sols. & Servs., Inc.*, No. 23-CV-1395 (LJL), 2023 WL

[4] In a diversity case, courts in the Second Circuit apply the substantive law of the forum state (here, New York), absent a contractual provision between the parties or other factors. *See Holcim Sols. & Prods. US, LLC v. McDonald Metal & Roofing Supply Corp.*, No. 23-CV-4448 (NGG) (PCG), 2026 WL 292492, at *8 (E.D.N.Y. Feb. 4, 2026) (citing *Omega Engineering, Inc. v. Omega, S.A.*, 432 F.3d 437, 443 (2d Cir. 2005)).

8878935, at *8 (S.D.N.Y. Dec. 22, 2023) ("A sufficient pleading for breach of contract must at a minimum, allege the terms of the contract, each element of the alleged breach and the resultant damages in a plain and simple fashion.") (cleaned up). AFP sufficiently pleads all four elements.

*First*, as to formation, under New York law, merchants can form oral contracts "if within a reasonable time a record in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents[.]" N.Y. U.C.C. Law § 2-201(2); *Henry Avocado Corp. v. Z.J.D. Brother, LLC*, No. 17-CV-4559 (ARR), 2017 WL 6501864, at *5 (E.D.N.Y. Dec. 19, 2017). While it is unclear how JDJ ordered the lumber (i.e., orally or in writing), the Complaint alleges that JDJ ordered lumber from AFP four times between 2023 and 2024, similarly to their past business dealings, and agreed to pay for the delivered orders. (Compl., ECF No. 1 ¶¶ 19, 21, 23, 25.) For each order, AFP emailed invoices—*i.e.*, "a writing in confirmation of the contract"—to "Anthony" and "Suzanne" at JDJ on or shortly after the date of the order. (*Id.* ¶¶ 16, 20, 22, 24, 26; *see also* Invoices, ECF No. 1-3.) The Complaint attaches copies of the outstanding invoices, each of which have a unique identifying number and state: (1) JDJ's name and address in the "Bill To" and "Ship To" fields; (2) AFP's name and mailing address in the "Remit To" field; (3) the order and ship dates; (4) the description, quantity, and per-unit price of the lumber; (5) the total amount due for the lumber shipment; and (6) the same "Payment Terms"—to wit, "Net 45 days" and a specific due date. (Invoices, ECF No. 1-3.) And, as alleged, JDJ did not object "to any specific item on the invoices" related to its orders. (Compl., ECF No. 1 ¶ 56.) The Complaint therefore alleges formation of a contract between AFP and JDJ. *Demand Elec., Inc. v. Innovative Tech. Holdings, LLC*, 665 F. Supp. 3d 498, 505 (S.D.N.Y. 2023) (finding that an invoice between

merchants "constitutes a writing in confirmation of a contract for the sale of goods" where it identifies the parties, goods, and price, "'provided that no written notice of objection is given as to the contents of the invoice within 10 days of receipt.'") (quoting *M. Slavin & Sons Ltd., Glatt Gourmet Cuisine, Inc.*, 23 Misc. 3d 18, 19, 877 N.Y.S.2d 857 (2d Dep't App. Term 2009)).

As to the remaining elements, AFP's well-pleaded allegations, accepted as true, support its performance, JDJ's failure to perform, and AFP's resulting damages. *See Bricklayers*, 779 F.3d at 187–88. AFP delivered the purchased lumber to JDJ shortly after each order consistent with the quantities stated in the invoices. (Compl., ECF No. 1 ¶¶ 19, 21, 23, 25). JDJ received each shipment without objection to the invoices' terms yet paid only part of the outstanding balance due. (*Id.* ¶¶ 28–39, 41–42.) Finally, AFP suffered damages of $84,822.41 plus interest (*id.* ¶¶ 55–56), which constitutes "damages comprised of the payments Plaintiff[] should have received but did not." *Sung Taek Kwon v. Leg Res., Inc.*, No. 15-CV-9658 (RWL), 2018 WL 2316630, at *3 (S.D.N.Y. May 7, 2018).

Accordingly, the Court respectfully recommends that JDJ should be liable for breach of contract as alleged in Count I.

### 2. Account Stated

"An account stated is an agreement, express or implied, between the parties to an account based upon prior transactions between them with respect to the correctness of account items and a specific balance due on them." *Toobian v. Toobian*, 177 N.Y.S.3d 124, 128 (2d Dep't 2022) (citation omitted). The elements of an account stated claim in New York include "(1) an account [showing the amount due to a creditor] was presented [to a debtor]; (2) it was accepted as correct; and (3) debtor promised to pay the amount stated." *Comm'rs of State Ins.*

*Fund v. Hainesport Transp. Grp. LLC*, No. 23-CV-1169 (RPK)(RER), 2023 WL 8435887, at *3 (E.D.N.Y. Dec. 5, 2023) (citing *Haskell Co. v. Radiant Energy Corp.*, No. 05-CV-4403 (DLI)(MDG), 2007 WL 2746903, at *12 (E.D.N.Y. Sep. 19, 2007).)

AFP's account stated claim fails because it is duplicative of its breach of contract claim. "'Two claims are duplicative of one another if they "arise from the same facts and do not allege distinct damages."'" *In re 305 E. 61st St. Grp. LLC*, 130 F.4th 272, 282 (2d Cir. 2025) (quoting *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008) (alteration omitted), which in turn quotes *Sitar v. Sitar*, 854 N.Y.S.2d 536, 538 (2d Dep't 2008)). AFP alleges that it sent JDJ invoices for lumber purchased on consignment, that JDJ retained the invoices without objection, and that JDJ failed to pay the outstanding balances. (Compl., ECF No. 1 ¶¶ 54–56.) The same allegations support AFP's breach of contract claim, but AFP does not seek distinct damages from the two causes of action. "Courts routinely dismiss account stated claims when they are based on the same facts, and would result in the same relief, as breach of contract claims." *Empire Fire & Marine Ins. Co. v. Edge Auto, Inc.*, No. 21-CV-5413 (RPK)(PK), 2022 WL 17779117, at *6 (E.D.N.Y. Sep. 15, 2022), *R. & R. adopted by* Order Adopting R. & R. *Empire Fire & Marine Ins. Co. v. Edge Auto, Inc.*, No. 21-CV-5413 (RPK)(PK) (E.D.N.Y. Oct. 12, 2022); *BidSpotter, Inc. v. Koster Indus., Inc.*, 21-CV-1726 (DG)(ARL), 2022 WL 282955, at *3 (E.D.N.Y. Jan. 3, 2022) *adopted by* 2022 WL 280802 (E.D.N.Y. Jan 31, 2022) ("Since this dispute is governed by valid contracts, [plaintiff] is not entitled to recover on an accounts stated theory."); *Arch Specialty Ins. Co. v. L&L Interior Contracting Servs. Corp.*, No. 18-CV-4175 (JMA)(AKT), 2019 WL 5394502, at *1 (E.D.N.Y. Oct. 22, 2021) ("Plaintiff cannot establish defendant's liability for the account stated claim. Because both counts arise from the same allegations that defendant failed to pay monies owed,

plaintiff's claim for account stated is precluded by the default judgment on its breach of contract claim."); *Interglobo Customs Broker, Inc. v. Sunderland Bros. Co.*, No. 19-CV-5723 (GBD)(JLC), 2019 WL 5996281, at *6 (S.D.N.Y. Nov. 14, 2019), *R. & R. adopted by* 2020 WL 409685 (S.D.N.Y. Jan. 24, 2020) ("Given that plaintiffs seek the same relief in both their account stated claims and breach of contract claims, and the Court has already found defendant to be liable under plaintiffs' breach of contract claims, the Court need not reach a determination on defendant's liability under the account stated claims."); *Nedspice US Inc. v. Castella Imports, Inc.*, No. 20-CV-1802 (ARR)(SIL), 2020 WL 6785335, at *4 (E.D.N.Y. Oct. 22, 2020) (citation omitted) (denying plaintiff's account stated claim because it "arises from the same facts as its breach of contract claim—namely, [defendant's] failure to pay the amount due pursuant to the invoices. Further, [plaintiff] does not seek distinct damages under these two causes of action."), *R. & R. adopted by* No. 20-CV-1802 (ARR)(SIL), 2020 WL 6784178 (E.D.N.Y. Nov. 18, 2020); *see also Locus Techs. v. Honeywell Int'l Inc.*, 632 F. Supp. 3d 341, 375–77 (S.D.N.Y. 2022) (declining to dismiss account stated claim for invoices issued under the parties' agreement that authorized attorneys' fees as an additional remedy for breach of contract, but dismissing account stated claims for invoices issued pursuant to the parties' separate agreement that did not similarly authorize additional remedies for breach).

Accordingly, if the Court accepts the recommendation that JDJ is liable for breach of contract, then the account stated claim alleged in Count II of the Complaint should be dismissed without prejudice.

**3. Unjust Enrichment**

An unjust enrichment claim is reserved for "unusual situations" when a defendant "has not breached a contract nor committed a recognized tort," but when "circumstances create an

equitable obligation running from the defendant to the plaintiff." *Grossman v. Simply Nourish Pet Food Co. LLC*, 516 F. Supp. 3d 261, 285 (E.D.N.Y. 2021) (quoting *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (2012)). AFP pleads unjust enrichment as an alternative theory of liability "in the event that a contract was not formed," and alleges that AFP "provided goods and supplies" to JDJ, who "retained the benefit of such goods and supplies without paying [AFP] for same." (Compl., ECF No. 1 ¶ 59; *see also* Tr., ECF No. 19 at 13:3–15 (AFP's acknowledgement that its unjust enrichment claim is duplicative if JDJ is liable for breach of contract.) Given the Court's recommendation that JDJ should be liable for breach of contract, AFP should not be permitted to recover for JDJ's alleged unjust enrichment. *Holcim Sols. & Prods. US, LLC v. McDonald Metal & Roofing Supply Corp.*, No. 23-CV-4448 (NGG)(PCG), 2026 WL 292492, at *9 n.3 (E.D.N.Y. Feb. 4, 2026) ("Although plaintiff has also adequately alleged a claim of unjust enrichment, [] 'the existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi-contract for events arising out of the same subject matter.'") (quoting *Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 70 N.Y.2d 382, 388 (1987)); *NYQF Inc. v. Sigue Corp.*, 781 F. Supp. 3d 104, 120 (E.D.N.Y. 2025) ("New York law does not permit recovery under unjust enrichment . . . where such claims are duplicative of a breach of contract claim and the court has determined that there is a valid, enforceable contract that governs the same subject matter.") (quoting *Skyline Restoration, Inc. v. Great Am. Restoration Servs. Inc.*, 2019 WL 5150207, at *4 (E.D.N.Y. Aug. 5, 2019)). Accordingly, the Court respectfully recommends that, if the Court accepts the recommendation that JDJ is liable for breach of contract, then the unjust enrichment claim alleged in Count III of the Complaint should be dismissed without prejudice.

### E. Damages

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Bricklayers*, 779 F.3d at 189 (quoting *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012)) (cleaned up). Rather, "the Court has 'a separate obligation to assess whether damages are appropriate and, if so, to calculate the correct amount of damages.'" *Studio Six Prods., Ltd. v. Sargsyan*, No. 19-CV-2685 (WFK)(MMH), 2024 WL 4309622, at *3 (E.D.N.Y. Sep. 26, 2024) (quoting *Ningbo Yang Voyage Textiles Co. v. Sault Trading*, No. 18-CV-1961 (ARR)(ST), 2019 WL 5399973, at *6 (E.D.N.Y. Sep. 10, 2019), *R. & R. adopted by* 2019 WL 5394568 (E.D.N.Y. Oct. 22, 2019)), *R. & R. adopted by* 2024 WL 4574142 (E.D.N.Y. Oct. 23, 2024). "On a motion for a default judgment, a plaintiff has the burden to prove damages to the Court with a 'reasonable certainty.'" *Ramah v. 138 Hillside Ave Inc.*, No. 20-CV-3317 (LDH)(LB), 2021 WL 7906551, at *8 (E.D.N.Y. Aug. 24, 2021) (quoting *Credit Lyonnais Secs. (USA), Inc. v. Alcantra*, 183 F.3d 151, 155 (2d Cir. 1999)), *R. & R. adopted by* Order Adopting R. & R., *Ramah v. 138 Hillside Ave Inc.*, No. 20-CV-3317 (LDH)(LB) (E.D.N.Y. Sep. 16, 2021). "A plaintiff may submit documentary evidence or detailed affidavits to support its damages claim." *NYQF Inc.*, 781 F. Supp. 3d at 122.

Here, AFP seeks (1) compensatory damages of $84,822.41; (2) pre-judgment interest; and (3) post-judgment interest. (Pl.'s Mem., ECF No. 13 at 8–10.) To support this request, AFP submits the declaration of Beth Isennock, its Chief Financial Officer, which attaches the unpaid invoices and an Aged Receivable Summary of the amounts owed on each invoice. (*See generally* Isennock Decl., ECF No. 15.)

### 1. Compensatory Damages

"Under New York law, damages for breach of contract should put the plaintiff in the same economic position [it] would have occupied had the breaching party performed the contract." *LG Cap. Funding, LLC v. Solar Energy Initiatives, Inc.*, No. 19-CV-907 (NG)(RML), 2019 WL 7630792, at *3 (E.D.N.Y. Nov. 1, 2019) (quoting *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 196 (2d Cir. 2003)), *adopted by* 2020 WL 364078 (E.D.N.Y. Jan. 22, 2020). Generally, "in a breach of contract case, damages are calculated at the time of the breach." *Boyce v. Soundview Tech. Grp., Inc.*, 464 F.3d 376, 384 (2d Cir. 2006).

AFP seeks $84,822.41, the total amount due on the outstanding invoices after applying JDJ's partial payments. (Pl.'s Mem., ECF No. 13 at 8; Isennock Decl., ECF No. 15 ¶¶ 8, 14.) Isennock avers that AFP emailed JDJ these invoices on or about the "Invoice Date," the lumber products JDJ ordered were delivered to JDJ's address on or about the "Ship Date" on each invoice, JDJ accepted the goods for each invoice, and JDJ did not make full payment by the due dates of 45 days from the invoice dates. (Isennock Decl., ECF No. 15 ¶¶ 5–8; *see also id.* Ex. B, ECF No. 15-2 (Aged Receivable Summary).) The invoice data, including payments received and payments remaining, are summarized in Table 1:

*Table 1: Outstanding Balances*

| Invoice No. | Invoice Date | Invoice Due Date | Invoice Amount | Payments Received[5] | Payments Remaining |
|---|---|---|---|---|---|
| 0050056930-001 | 08/28/2023 | 10/12/2023 | $14,232.96 | $4,500.00 | $9,732.96 |
| 0050056901-001 | 08/29/2023 | 10/13/2023 | $24,838.10 | $2,520.48 | $22,317.62 |
| 0050056902-001 | 08/31/2023 | 10/15/2023 | $19,164.10 | N/a | $19,164.10 |
| 0050064267-001 | 11/20/2024 | 01/16/2025 | $33,607.73 | N/a | $33,607.73 |
| | | | | **TOTAL** | $84,822.41 |

AFP's calculations are correct, and Ms. Isennock's declaration establishes that AFP is owed the stated amounts. Therefore, the Court respectfully recommends that AFP should be awarded **$84,822.41** in compensatory damages for the unpaid invoices.

**2. Pre-judgment Interest**

In a diversity case such as this one, state law governs the award of pre-judgment interest. *Alzal Corp. v. Killer Carz LLC*, No. 15-CV-4968 (RPK)(MMH), 2024 WL 3871074, at *8 (E.D.N.Y. Aug. 19, 2024) (citing *Schipani v. McLeod*, 541 F.3d 158, 164–65 (2d Cir. 2008)), *adopted by* Order Adopting R. &. R., *Alzal Corp. v. Killer Carz LLC*, No. 15-CV-4968 (RPK)(MMH) (E.D.N.Y. Sep. 23, 2024). Under New York law, "'a plaintiff who prevails on a claim for breach of contract is entitled to prejudgment interest as a matter of right.'" *Fresco, LLC v. Sunshine Fresh Foods, LLC*, No. 20-CV-8733 (JPO), 2022 WL 902669, at *2 (S.D.N.Y. Mar. 28, 2022) (citing *U.S. Naval Inst. v. Charter Commc'ns, Inc.*, 936 F.2d 692, 698 (2d Cir. 1991) and N.Y. C.P.L.R. § 5001). Interest "shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred

[5] For Invoice No. 0050056930-001, JDJ paid $500.00 on January 31, 2025; $1,000.00 on February 4, 2025; $1,000.00 on February 14, 2025; $1,000.00 on March 21, 2025; and $1,000.00 on April 22, 2025. For Invoice No. 0050056901.001, JDJ paid $2,520.48 on January 16, 2025. (*See* Isennock Decl., ECF No. 15 ¶ 8; *see also* Compl., ECF No. 1 ¶¶ 29–33.)

thereafter shall be computed from the date incurred." N.Y. C.P.L.R. § 5001(b). However, when damages "were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." *Id.* The applicable interest rate is 9% per year unless otherwise required by statute or the parties' agreement. *Id.* § 5004; *LG Cap. Funding, LLC v. M Line Holdings, Inc.*, 422 F. Supp. 3d 739, 756 (E.D.N.Y. 2018). "[C]ourts have 'wide discretion in determining a reasonable date from which to award pre-judgment interest.'" *ADI Glob. Distrib. v. Green*, No. 20-CV-3869 (AMD)(JMW), 2023 WL 3355049, at *6 (E.D.N.Y. Apr. 24, 2023) (citing *Santillan v. Henao*, 822 F. Supp. 2d 284, 298 (E.D.N.Y. 2011), which quotes *Conway v. Icahn & Co.*, 16 F.3d 504, 512 (2d Cir. 1994)), *R. & R. adopted by* 2023 WL 3346499 (E.D.N.Y. May 10, 2023).

The invoices do not state the interest rate applicable to unpaid balances; therefore, the Court applies the statutory 9% rate. *See* N.Y. C.P.L.R. § 5004. Pursuant to the invoices, JDJ's payment was due October 12, 2023, October 13, 2023, October 15, 2023, and January 16, 2025. (Invoices, ECF No. 1-3; Pl.'s Mem., ECF No. 13 at 10.) Because JDJ's breach occurred on different dates for each invoice, the Court selects May 30, 2024 as the reasonable intermediate date between the first invoice due date and the most recent invoice due date for purposes of calculating pre-judgment interest. Applying a nine percent per annum rate, the Court respectfully recommends that Plaintiff should be awarded **$16,987.04** in pre-judgment interest to increase at a rate of $20.92 per day until the entry of judgment.[6]

[6] The Court calculates the daily pre-judgment interest by multiplying the total amount of damages ($84,822.41) by 9%, then dividing by 365, for a daily rate of $20.92. The daily rate is then

### 3. Post-judgment Interest

"[T]he award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Tru-Art Sign Co. v. Loc. 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (citing 28 U.S.C. § 1961). Therefore, if monetary damages are awarded to AFP for JDJ's breach of contract, then the Court respectfully recommends that AFP should be granted post-judgment interest, to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment, at the rate set forth in 28 U.S.C. § 1961.

## III. CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Atlantic Forest Products, LLC's motion for default judgment at ECF Nos. 12 to 15, as supplemented by ECF No. 18, should be **granted in part and denied in part**. Specifically: (1) default judgment should be entered against J&J Dinaso Building Supply Co., Inc. for breach of contract as alleged in Count I; (2) Atlantic Forest Products, LLC should be awarded (a) $84,822.41 in compensatory damages, (b) $16,987.04 in pre-judgment interest to increase at a rate of $20.92 per day until entry of judgment, and (c) post-judgment interest as set forth in 28 U.S.C. § 1961(a); and (3) the account stated claim in Count II and the unjust enrichment claim in Count III should be dismissed without prejudice as duplicative of the breach of contract claim in Count I.

A copy of this Report and Recommendation is being served on Atlantic Forest Products, LLC via ECF. The Clerk of Court is respectfully directed to mail a copy of this

---

multiplied by the number of days between May 30, 2024 and August 20, 2026, the date of this Report and Recommendation (812 days).

Report and Recommendation and the summary docket sheet to J&J Dinaso Building Supply Co., Inc. at the following addresses forthwith: 126 Industrial Loop, Staten Island, NY 10309 and 141 Industrial Loop, Staten Island, NY 10309, and to email a copy to Anthony@jdjbsc.com, suzanne@jdjbsc.com, and jdinaso44@gmail.com, the email addresses J&J Dinaso Building Supply Co., Inc. used for pre-suit communications.

Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge Kovner. If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025).

**SO ORDERED.**

Brooklyn, New York
August 20, 2026

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge